### ADAM HOBART *v.* AMOS WARDNER.

The county court have original jurisdiction of a suit, upon a promissory note, exceeding forty dollars, and less than one hundred dollars, where the suit is by trustee process.

Such suit will not be dismissed for want of jurisdiction in the county court, though the trustee should, on trial, be dismissed, in cases where the principal defendant appears in the suit, or where the writ issues as a general attachment, and is served by attaching personal property in possession.

THIS was an action originally commenced in the county court, against the defendant as principal debtor, on a promissory note, for the sum of $75.87, dated the 27th of April 1840, and against George W. Wardner as his trustee. The writ was served on the principal debtor by attaching his property in possession, and was entered at the December term, 1841, at which term said George W. Wardner made his disclosure, and judgment was rendered that he was not trustee. Judgment was also rendered against the defendant, who reviewed. At a subsequent term of the court, the defendant moved that the cause be dismissed for want of jurisdiction of the court—the suit being founded on a note for less than $100. The court overruled the motion; to which the defendant excepted.

*J. L. Buck*, for defendant.

Justices of the peace have jurisdiction in all civil actions of this nature, where the debt or other matter in demand does not exceed one hundred dollars. Rev. Stat. 170, § 7. In this case, both the declaration and exceptions shew that the note upon which the suit was brought, was less than one hundred dollars, including all the interest thereon. County courts have original jurisdiction in all civil actions, except such as are made cognizable by a justice. Rev. Stat. 160, §7.

The only ground upon which it can be insisted that the court had jurisdiction of this action is, that a trustee was summoned in the original writ, who, it appears by the exceptions, was, upon his disclosure, adjudged not to be trustee, and was discharged.

It is insisted that when a trustee is discharged, the suit stands on the same ground as if none had been summoned ; and, in this case, had there been no trustee, the county court could have had no jurisdiction whatever.  At the term of the court when the motion to dismiss was filed, the suit stood upon the docket as a suit simply between the plaintiff and defendant ; and such was its true character.   If the fact that a third person is summoned as trustee, gives the county court jurisdiction, then the plaintiff may give jurisdiction by his own act, where the law never intended it should be had.

It may be insisted that, when a trustee is summoned, in good faith, the court should retain the cause, although the trustee be discharged.   If this rule were adopted, it would be necessary, in every case of this kind, to have a trial upon an issue whether the trustee was summoned in good faith.

Again : the defendant is subjected to unnecessary costs by the mere act and choice of the plaintiff, if this court sustain the jurisdiction of the county court.

*E. Weston*, for plaintiff.

The writ and proceedings show that a justice had not jurisdiction of this action. It necessarily follows that the county court had ; and the question of the jurisdiction will be determined by inspection of the writ and proceedings.   If the county court, at the time the action was entered on the docket of the court, had jurisdiction of the same, no subsequent proceedings could oust the court of the jurisdiction.   *Stone* v. *Winslow*, 7 Vt. R. 342.

If it had jurisdiction, it could proceed and render a judgment for a less sum than $100, as in the cases of appeals from a justice—of uncertain damages—where off-sets are allowed—and where there have been part payments.   In the two latter instances, it is often the case that the *matter in demand* is, in fact, less than $100, and still, the jurisdiction is sustained.

The opinion of the court was delivered by

REDFIELD, J.—This is an action upon a promissory note for seventy-five dollars, without endorsements or payments, sued by trustee process originally in the county court.   The writ was served upon the principal defendant, by attaching his property in possession, as well as in the hands of the

ORANGE,
March,
1843.

Hobart
v.
Wardner.

trustee. He appeared in the suit and reviewed it. The trustee, on hearing, was discharged, and the principal defendant then moved the county court to dismiss the action, for want of jurisdiction. That motion was overruled, and, as we think, for good cause.

The revised statutes p. 190, § 1, provide that " all actions, founded on contract, entered into since the first day of January, 1839, (and this case comes within the provision,) may be commenced by trustee process." Section 2 provides, that " no such process shall be commenced before a justice when the matter in demand shall exceed forty dollars. By another provision of the statute, the county court have exclusive jurisdiction of all civil actions, not made cognizable before a justice. Section 9 of the trustee act provides, that if the trustees be discharged, the " plaintiff shall not proceed in the suit against the principal defendant, unless there has been such a service of the writ on him, as would be sufficient in an action commenced in the ordinary way, or unless he shall actually appear and answer to the suit."

In this case both these grounds of retaining the suit in the county court, concurred. There was then, *no* ground for dismissing it, unless it could be made to appear that the process against the trustee was merely colorable, and for the purpose of giving the county court jurisdiction. This is not to be *presumed*; and, as the suit could not have been brought elsewhere, and the trustee was discharged, contrary to the plaintiff's expectation, that will not effect the question.

Judgment affirmed.